J-S24012-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TAISIIA VASI PRIZHIMOVA | : | |
| | : | |
| Appellant | : | No. 838 WDA 2024 |

Appeal from the Judgment of Sentence Entered March 8, 2024
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0000003-2022

BEFORE: NICHOLS, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY NICHOLS, J.:       **FILED: September 23, 2025**

Appellant Taisiia Vasi Prizhimova appeals[1] from the judgment of sentence imposed following her convictions for four counts of retail theft— alter label/pricing marking.[2] After careful review, we affirm on the basis of the trial court's opinion.

We adopt the trial court's summary of the facts underlying this case. *See* Trial Ct. Op., 9/13/24, at 1-6. Briefly, Appellant was charged with four

---

[1] We note that although the trial court initially imposed Appellant's sentence on February 26, 2024, the trial court subsequently issued an order amending its original sentencing order to correct a misspelling of Appellant's name. *See* Amended Order, 3/8/24; *see also Commonwealth v. Garzone*, 993 A.2d 1245, 1254 n.6 (Pa. Super. 2010) (stating that where the trial court amends the judgment of sentence during the thirty-period it maintains jurisdiction pursuant to 42 Pa.C.S. § 5505, the direct appeal lies from the amended judgment of sentence). We have amended the caption accordingly.

[2] 18 Pa.C.S. § 3929(a)(2).

counts of retail theft[3] based on allegations that she made fraudulent returns to T.J. Maxx and received refunds for items that she did not originally purchase. *See id.* Following a non-jury trial, Appellant was convicted on all counts. *Id.* at 5-6. On February 26, 2024, the trial court imposed an aggregate sentence of six months of probation and ordered to pay $647.75 in restitution to TJX Companies. *See id.* at 6.

Appellant filed a post-sentence motion, which the trial court denied. Appellant subsequently filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellant's claim.

On appeal, Appellant raises the following issue for our review: "Appellant wishes to challenge the sufficiency of evidence presented at the non-jury trial." Appellant's Brief at 5. In support, Appellant argues that "the Commonwealth failed to produce sufficient evidence regarding retail theft by failing to produce sufficient evidence that [Appellant] personally altered, transferred, or removed any label, price tag marking, indicia of value or any other markings that aided in determining value affixed to any merchandise." *Id.* at 8.

When reviewing a challenge to the sufficiency of the evidence, we are governed by the following standard:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to

_____

[3] 18 Pa.C.S. § 3929(a)(1).

- 2 -

the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, the fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Wright*, 255 A.3d 542, 552 (Pa. Super. 2021) (citation omitted and formatting altered). "Importantly, the fact finder, which passes upon the weight and credibility of each witness's testimony, is free to believe all, part, or none of the evidence." *Id.* (citation omitted and formatting altered).

Pursuant to Section 3929(a)(2) of the Crimes Code, a person commits "retail theft" if she

alters, transfers or removes any label, price tag marking, indicia of value or any other markings which aid in determining value affixed to any merchandise displayed, held, stored or offered for sale in a store or other retail mercantile establishment and attempts to purchase such merchandise personally or in consort with another at less than the full retail value with the intention of

- 3 -

depriving the merchant of the full retail value of such merchandise.

18 Pa.C.S. § 3929(a)(2).

Following our review of the record, the parties' briefs, and relevant legal authority, we affirm on the basis of the trial court's opinion. *See* Trial Ct. Op., at 7-11. The trial court thoroughly addressed Appellant's sufficiency claim and concluded that she was not entitled to relief. *See id.* at 10-11. Specifically, the trial court noted that the there was "extensive direct and circumstantial evidence presented at trial" which "permitted [the trial court] to infer that [Appellant] altered the packing slips and tags which she possessed and used to obtain a benefit from TJX." *See id.* We discern no error in the trial court's conclusions. *See Wright*, 255 A.3d at 552. For these reasons, we affirm.[4]

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 9/23/2025

---

[4] The parties are directed to attach a copy of the trial court's opinion in the event of further proceedings.

Received 2/20/2025 11:50:03 PM Superior Court Western District

Copies to: DAs Office   PDs Office   Defendant   Superior Court of PA

Filed 2/20/2025 11:50:00 PM Superior Court Western District
838 WDA 2024

IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA,
CRIMINAL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | ) | |
| | ) | |
| Appellee, | ) | |
| | ) | |
| vs. | ) | No.   838 WDA 2024 |
| | ) | |
| | ) | |
| TAISIIA PRIZHIMOVA, | ) | |
| | ) | |
| Appellant. | ) | |

Appeal from the Opinion and Order entered on June 14, 2024
In the Court of Common Pleas of Washington County
Criminal Division at No: CP-63-CR-000003-2022

## OPINION PURSUANT TO Pa.R.A.P. 1925(a)

This matter is before the Trial Court ("Court") pursuant to Pa.R.A.P. 1925(b) regarding an appeal of its June 14th, 2024 denial of Defendant's post-sentence motion following a non-jury trial in which the trial court found the Defendant guilty of Count 1: Retail Theft—Alter Label/Pricing Marking, 18 Pa.C.S. § 3929(a)(2), a Summary offense; Count 2: Retail Theft—Alter Label/Pricing Marking, 18 Pa.C.S. § 3929(a)(2), a Summary offense; Count 3: Retail Theft—Alter Label/Pricing Marking, 18 Pa.C.S. § 3929(a)(2), a Summary offense; and Court 4: Retail Theft—Alter Label/Pricing Marking, 18 Pa.C.S. § 3929(a)(2), a Summary offense. This Court respectfully submits that this appeal should be denied and this Court's decision be affirmed.

## PROCEDURAL AND RELEVANT FACTUAL HISTORY

The Information was originally filed January 26, 2022 and an Amended Information was filed May 2, 2023. A non-jury trial was held on February 26, 2024. The Court sets forth the following summary of facts from the Non-Jury trial:

RECEIVED SEP 1 3 2024

TJX is the umbrella company that covers T.J. Maxx, Marshalls, HomeGoods, Sierra, HomeSense, and other various retail establishments. *See* Non-Jury Trial Tr., 18, 2/26/2024. Jessica Martinez, a fraud investigator for TJX, testified at trial. *Id.* at 17. Martinez initiated an investigation involving a T.J. Maxx store located in McMurray, Pennsylvania. *Id.* at 21. Martinez began her investigation in June of 2021. *Id.* One of her job duties includes drafting incident reports relating to fraud investigations. *Id. See* Commonwealth's Exhibit 1.[1] The first fraud incident investigated by Martinez took place on June 12, 2021 regarding an online purchase at TJMaxx.com relating to a purple with yellow lace blouse and a swimsuit called "underwire one piece." *Id.* at 24; *see also* Commonwealth's Exhibit 1. The total purchase amounted to $199.98. *Id.* A credit card ending in card number 6717 was used to pay for the online transaction. *Id.* The clothing items were shipped to 287 McClane Farm Road, Washington, PA. *Id.* The name set forth on the TJMaxx.com account that purchased the items was "Inna Patton". *Id.* at 24-25.

Martinez testified that an actionable fraud event subsequently occurred. Defendant entered the T.J. Maxx store and presented "non-TJX" merchandise; in other words, not the original blouse that was purchased online. Defendant then requested a refund in the amount of $99.99. *Id.* at 25. Defendant presented a packing slip containing the confirmation number that connects the blouse that was purchased online. *Id.* at 28. Defendant then received a refund which was credited on her credit card ending in 6717. *Id.* at 27. Defendant received a receipt

[1] The TJX "PA eCommerce" Invesigation report specifically stated that "In June of 2020, the TJX National Task Force ("NFT") initiated an investigation into multiple unknown subjects who are causing losses to a T.J. Maxx store location through fraudulent refunds. This investigation was initiated via information from Associates in the stores. Through the course of the investigation, the NTF was able to identify that the subjects completed fraudulent refunds against TJMaxx.com purchases by refunding items that were not what were originally purchased and sent to them. It was also found during the investigation that the prices of items being refunded were being altered. The price was being altered and raised, which allowed the subjects to get more value/money back than what they originally paid for the item."

2

for the refund transaction and exited the store. *Id.* at 26-27. Martinez testified that the packing slip that Defendant presented to complete the refund transaction was altered. *Id.* at 29. Martinez explained that the purpose of altering the packing slip is to get the cashier to hand-type the refund transaction into the computer system and enter the altered date which then approves Defendant for the refund. *Id.*

Martinez testified that a second actionable fraud event took place on August 9, 2021 after an online purchase was placed on May 4, 2021. *Id.* at 30. Three dresses were purchased in different sizes, totaling $137.79. *Id.* at 30. The credit card used to pay for the dresses had a card number ending in 1613. *Id.* at 31. The dresses were shipped to 287 McClane Farm Road, Washington, PA. *Id.* Defendant subsequently entered the store, went to the register and requested a refund for a non-TJX item. There was no price tag on the item Defendant sought to return. *Id.* at 32. Defendant presented an altered packing slip to the cashier, which was scanned into the computer system. The packing slip was not connected to the original transaction because the date on the packing slip was altered. *Id.* at 32. The cashier, therefore, had to hand-type the rest of the information into the computer system, which approved Defendant for the refund. *Id.* Martinez testified that the packing slip presented by Defendant had been altered. The price of the original item purchased was changed on the packing slip, as well as the date of the original purchase. *Id.* at 34. The total amount credited back to Defendant's credit card was $137.79. The original purchase price of the dress was $79.99.

Martinez testified that a third actionable fraud event occurred on August 29, 2021. An online purchase was initially made on April 7, 2021. *Id.* at 35. A single dress named "bow mini dress" was purchased for $99.99. *Id.* at 36. The credit card used to pay for the dress ended in card number 6717. *Id.* The dress was shipped to 287 McClane Farm Road, Washington, PA. *Id.*

3

The actionable fraud event took place on August 29, 2021, when Defendant returned a non-TJX article of clothing for a refund to the T.J. Maxx store located at McMurray, Pennsylvania. *Id.* As done previously, Defendant presented an altered packing slip with the SKU number of the original dress, provided her credit card and requested a refund. *Id.* Defendant received a refund, which was placed on her credit card, in the amount of $149.99. Martinez testified that the packing slip was altered so Defendant could receive an additional $50 from the store. *Id.* at 38.

Martinez testified to a fourth actionable fraud event which occurred on September 5, 2021. An online purchase was initially made on August 20, 2021. Two dresses, each priced at $129.99, were purchased. The online transaction totaled $259.98. *Id.* at 40. The credit card used to purchase the two dresses had a card number ending in 9656 and the clothing was shipped to 287 McClane Farm Road, Washington, PA. *Id.* On September 5, 2021, Defendant entered the store, approached a register and requested a refund. Defendant presented an altered packing slip with the original purchase information on it. *Id.* at 41. She presented non-TJX merchandise and obtained a refund and receipt from the store. *Id.* Martinez testified that Defendant had placed tags on the non-TJX merchandise that would have been on the dress originally purchased online.

Martinez testified that, as a result of the four fraud events set forth in detail above, T.J. Maxx lost a total of $647.75. *Id.* at 43.

Detective Edward Walker of the Peters Township Police Department testified at trial. *Id.* at 56. He explained that Detective Chris Brown of the Allegheny County Police Department met with Walker and informed him of an investigation Brown was working on regarding a string of alleged thefts regarding T.J. Maxx stores. *Id.* at 55. Detective Walker subsequently open his own investigation after learning that the T.J. Maxx store in McMurray, Washington County, Pennsylvania might be a victim of this alleged criminal activity. *Id.* Detective Walker received

4

information from TJX, including the TJX "PA eCommerce" Investigation Report, which included dollar amounts of the transactions, receipts, videos, photographs of the merchandise and photographs of the actors. *Id.* at 56. Detective Walker testified that, based on his investigation, he believed there were two individuals involved in the suspected criminal activity regarding the T.J. Maxx store. *Id.* Walker identified the name of one of the individuals being "Inna Paton" who lived at 287 McClane Farm Road in Washington County, Pennsylvania. *Id.* After researching the 287 McClane Farm Road address in a database, Detective Walker obtained Defendant's name. *Id.* at 57. Walker testified that he ran the driver's license history of the Defendant and was able to observe her photograph from her driver's license and identify her as being the person in the photographs and video footage from T.J. Maxx. *Id.*

Detective Walker testified that credit cards were used to collect the refunds. *Id.* at 58. Detective attempted to serve a warrant on Defendant at 287 McClane Farm Road which was the same address where the original purchases were shipped to regarding the four fraud events. *Id.* When Detective Walker arrived at the 287 McClane Farm Road residence, he observed several shipping parcels outside the home. *Id.* at 59. At least one of the packages was addressed from T.J. Maxx. *Id.*

After consideration of all the evidence presented, this Court found the Defendant guilty of the offense of Retail Theft at counts one (1); two (2); three (3); and four (4) on February 26, 2024. Defendant's counsel indicated that they were wanting to proceed forward with sentencing the same day.

This Court sentenced Defendant as follows: At Count 1 on the charge of Retail Theft—Alter Label/Pricing Marking—18 Pa.C.S. § 3929(a)(2), Defendant was sentenced to pay the costs of prosecution and be placed on probation for a period of ninety (90) days to be supervised

5

by the Washington County Adult Probation Office. Additionally, Defendant was ordered to pay restitution in the amount of $99.99 to TJX Companies. At Count 2 on the charge of Retail Theft—Alter Label/Pricing Marking—18 Pa.C.S. § 3929(a)(2), Defendant was placed on probation for a period of ninety (90) days to be supervised by the Washington County Adult Probation Office. Count 2 was to run consecutively to the sentence imposed above at Count 1. At Count 3 on the charge of Retail Theft—Alter Label/Pricing Marking—18 Pa.C.S. § 3929(a)(2), Defendant was ordered to pay a fine in the amount of $25. Additionally, Defendant was ordered to pay restitution in the amount of $149.99 to TJX Companies. At Count 4 on the charge of Retail Theft—Alter Label/Pricing Marking—18 Pa.C.S. § 3929(a)(2), Defendant was ordered to pay a fine in the amount of $25. Additionally, Defendant was ordered to pay restitution in the amount of $259.98 to TJX Companies.

Defendant's aggregate sentence was six (6) months of probation and restitution in the amount of $ 647.75 to be paid to TJX Companies. On March 6, 2024, the Defendant filed a post-sentence motion and this Court scheduled a hearing for May 22, 2024, at which Defendant's motion was denied. It is from the June 14th, 2024 Order that Defendant appeals. This Court now issues the following opinion having received Defendant's concise statement.

Defendant/Appellant argues that this Court committed an abuse of discretion or an error of law in that:

1. Appellant wishes to challenge the sufficiency of evidence presented at the non-jury trial. Specifically, Appellant avers that the Commonwealth failed to produce sufficient evidence regarding retail theft by failing to produce sufficient evidence that Defendant personally altered, transferred, or removed any label, price tag marking, indicia of value or any other markings that aided in determining value affixed to any merchandise. It was unclear from the evidence whether Appellant personally benefitted from the alleged fraudulent acts.

## STANDARD OF REVIEW

The standard of review of sufficiency claims is as follows:

An appellate court "evaluate[s] the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. [T]he facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." *Commonwealth v. Franklin*, 69 A.3d 719, 722 (Pa. Super. 2013) (citations and quotation marks omitted).

"The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." *Commonwealth v. Matthews*, 870 A.2d 924 (Pa.Super.2005) The fact-finder may resolve any doubts regarding the defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. *Id.* "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Id.*

In addition, when reviewing the sufficiency of the evidence claim the court is required to give the prosecution the benefit of all reasonable inferences to be drawn from the evidence. *Commonwealth v. Robinson*, 817 A.2d 1153 (Pa.Super.2003), quoting *Commonwealth v. Widmer*, 560 Pa. 308, 744 A.2d 745 (2000). However, "the inferences must flow from facts and

7

circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt." *Id.*, quoting *Commonwealth v. Scott*, 409 Pa.Super. 313, 597 A.2d 1220 (1991).

## DISCUSSION

Title 18, Section 3929, Subsection (a)(2), defines the criminal offense of Retail Theft, in pertinent parts, as follows:

> (a) Offense defined.--A person is guilty of a retail theft if he:
>
> (2) alters, transfers or removes any label, price tag marking, indicia of value or any other markings which aid in determining value affixed to any merchandise displayed, held, stored or offered for sale in a store or other retail mercantile establishment and attempts to purchase such merchandise personally or in consort with another at less than the full retail value with the intention of depriving the merchant of the full retail value of such merchandise;
>
> 18 Pa.C.S.A. § 3929(a)(2).

Thus, the Commonwealth had the burden of proving that (1) Defendant altered, transferred or removed any label, price tag marking, indicia of value or any other markings which aid in determining value affixed to any merchandise displayed, held, stored or offered for sale in a store or other retail mercantile establishment and (2) attempted to purchase such merchandise personally or in consort with another at less than the full retail value with the intention of depriving the merchant of the full retail value of such merchandise.

In setting forth Defendant's sufficiency challenge in her Concise Statement, Defendant contends that the Commonwealth failed to produce sufficient evidence regarding retail theft by failing to produce sufficient evidence that Defendant personally altered, transferred, or removed any label, price tag marking, indicia of value or any other markings that aided in determining

8

value affixed to any merchandise. It was unclear from the evidence whether Defendant personally benefitted from the alleged fraudulent acts.

This Court submits that the evidence presented at trial, when viewed in the light most favorable to the Commonwealth, was sufficient to support the finding that all elements of the offense of retail theft were proven beyond a reasonable doubt. The Commonwealth presented the testimony of Jessica Martinez, a fraud investigator for TJX, who introduced a detailed investigation report that outlined four specific instances in which Defendant was captured on camera returning non-TJX merchandise to a TJX store for a refund. The investigation report sets forth details including Defendant's time of entry into the store, time of Defendant exiting the store and the store location. The investigation report includes photos which demonstrate Defendant approaching the register during these transactions. The investigation report includes photographs of the merchandise returned, and comparative photographs of the merchandise that was originally purchased. All four instances included altered or transferred tags, tags not indicative of original purchase price or TJX tags on non-TJX merchandise, as well as other altered indicia of value by way of packing slips. This report showed four different actionable fraud events executed by Defendant on camera, in which Defendant illegally obtained a material benefit by returning non-TJX merchandise to a T.J. Maxx store using altered packing slips.

Martinez identified Defendant at trial as being "Suspect B" in the investigation report regarding all four incidences. The Commonwealth also presented Detective Walker's testimony, who established that there were multiple packages on Defendant's porch, including at least one from T.J. Maxx., when he served a warrant

9

Defendant argues that the Commonwealth did not reach the burden of proving the element that Defendant personally made any alteration or removing any label, price tag, marking, value, etc. Although there was no direct evidence showing Defendant modifying the packaging slips or altering or transferring the tags, the Commonwealth was not required to produce such evidence in order to secure a conviction. As noted above, the Commonwealth need not establish Defendant's guilt to a mathematical certainty. *Franklin*, 69 A.3d at 722. Moreover, the facts and circumstances established by the Commonwealth need not be absolutely incompatible with Defendant's innocence. *Id.* It is a well-settled principle of law that the Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence, and the trier of fact, which passes upon the weight and credibility of each witness's testimony, is free to believe all, part, or none of the evidence. *Commonwealth v. Jacoby*, 170 A.3d 1065, 1078 (Pa. 2017).

The Commonwealth presented a substantial amount of circumstantial evidence, that when considered collectively and with the direct evidence presented at trial, was legally sufficient to prove beyond a reasonable doubt that Defendant committed retail theft. Direct evidence was presented showing the presence of Defendant in the store on four separate occasions presenting "non-TJX" merchandise, requesting refunds, possessing and presenting altered packing slips containing confirmation numbers that connect to "non-TJX" merchandise, obtaining refunds credited to her credit card which she presented to the cashier on each occasion and exiting the store. The extensive direct and circumstantial evidence presented at trial permitted this Court to infer that Defendant altered the packing slips and tags which she possessed and used to obtain a benefit from TJX.

10

The Commonwealth therefore proved, through both direct and circumstantial evidence, that (1) Defendant altered, transferred or removed a label, price tag marking, indicia of value or any other markings which aid in determining value affixed to any merchandise displayed, held, stored or offered for sale in a store and (2) attempted to purchase such merchandise personally or in consort with another at less than the full retail value with the intention of depriving the merchant of the full retail value of such merchandise.

## CONCLUSION

In light of the foregoing reasons, we respectfully submit that Defendant's challenge to the sufficiency of the evidence presented at the non-jury trial is without merit and request this Honorable Court to affirm the conviction and sentence of the Defendant.

DATE:

BY THE COURT:

SEPTEMBER 12, 2024

JESSE PETTIT, JUDGE

11